UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

PAMELA JEAN CURRY,

    Plaintiff,

v.                                                Case No: 8:16-cv-00299-CEH-AEP

POLK COUNTY, FLORIDA, *et al.*,

    Defendants.
_____/

## **ORDER**

        This cause comes before the Court on the Report and Recommendation of Magistrate Judge Anthony E. Porcelli (Doc. 3). In the Report and Recommendation, Magistrate Judge Porcelli recommends that the Court:

        (1) deny Plaintiff Pamela Curry's request to proceed *in forma pauperis* (Doc. 2); and

        (2) dismiss Curry's Complaint (Doc. 1).

Curry filed an Objection to the Report and Recommendation (Doc. 4), and the time for any other party to file an objection or to respond thereto has expired. This matter is therefore ripe for review.

**I.    BACKGROUND**

        Curry filed a Complaint in this matter against Polk County, Florida; the Polk County Sheriff's Department; and the Polk County Sheriff, Grady Judd (Doc. 1). Currently before the Court is Curry's Affidavit of Indigency (Doc. 2), which the Court construes as a request to proceed *in forma pauperis*. Pursuant to 28 U.S.C. § 1915(a)(1), the Court may, upon a finding of indigency, authorize the commencement of an action without requiring the prepayment of fees or security therefor. 28 U.S.C. § 1915(a)(1). When an application to proceed *in forma pauperis* is filed, the Court must review the case and dismiss it *sua sponte* if the Court determines that the action is

frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B). Dismissal for failure to state a claim in this context is governed by the same standard as dismissal under Rule 12(b)(6), Federal Rules of Civil Procedure. *Leonard v. F.B.I.*, 405 Fed. App'x 386, 387 (11th Cir. 2010) (*per curiam*) (citing *Mitchell v. Farcass*, 112 F.3d 1483, 1490 (11th Cir. 1997)). Namely, dismissal for failure to state a claim is appropriate if the facts, as pleaded, fail to state a claim for relief that is "plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Furthermore, an action is frivolous where the allegations are "clearly baseless," "fanciful," "delusional," or without arguable basis either in law or fact. *Denton v. Hernandez*, 504 U.S. 25, 31–33 (1992); *Neitzke v. Williams*, 490 U.S. 319, 324–29 (1989). Accordingly, where a district court determines from the face of the complaint that the factual allegations are clearly baseless or the legal theories are indisputably without merit, the court may conclude a case has little or no chance of success and dismiss the complaint before service of process. *Carroll v. Gross*, 984 F.2d 392, 393 (11th Cir. 1993) (*per curiam*).

In the Report and Recommendation, the Magistrate Judge recommends that Curry's request to proceed *in forma pauperis* be denied and that her Complaint be dismissed. Curry now objects to the Magistrate Judge's recommendation.

## II.    STANDARD OF REVIEW

When a party makes a timely and specific objection to a Magistrate Judge's Report and Recommendation, the district judge "shall make a *de novo* determination of those portions of the report or specified proposed findings or recommendations to which objection is made." 28 U.S.C. § 636(b)(1)(C); *Jeffrey S. v. State Board of Education of State of Georgia*, 896 F.2d 507, 512 (11th Cir. 1990). With regard to those portions of the Report and Recommendation not objected to, the

district judge applies a clearly erroneous standard of review. *See Gropp v. United Airlines, Inc.*, 817 F. Supp. 1558, 1562 (M.D. Fla. 1993). The district judge may accept, reject, or modify in whole or in part, the Report and Recommendation of the Magistrate Judge. Fed. R. Civ. P. 72. The district judge may also receive further evidence or recommit the matter to the Magistrate Judge with further instructions. *Id*.

## III.   DISCUSSION

### A.   Curry's Complaint

In her Complaint, Curry alleges that her home was subject to a foreclosure sale on February 8, 2016, as a result of three decades of retaliation for filing a case in the Middle District of Florida in 1989 against a newspaper. She further alleges that she has experienced "[t]hree decades with no health care, three decades in isolation, three decades without pay, three decades of anti intellectual [sic] ignorance about Dataveillance [sic] and other issues [she] brought as a Novel Retaliation case for post employment [sic] blacklisting with personal computerized information." Doc. 1 at 1. Additionally, Curry alleges that she is "being hazed within the legal community" and has "not even been able to find one Attorney who knows how to listen." *Id.* at 2. Further, Curry's statement of the nature of the action in her Affidavit of Indigency lists the following bases for her claims:

> Taking, Inverse Condemnation, Targeted harassed for sex, bullied denied Right to Work, Failed to enforce Federal Acts & State Laws as goal of the targeting. Deprived basic human rights. Property deprivation failed to enforce the law over a 28 year period but particularly when I became an Heir. Profiled Failed to enforce laws against violence and engaged in scheme to deprive of property rights tangible & intangible, denied right to pursuit of happiness. Bullied to Kill myself. Retaliated for suing 28 yrs ago Curry V The Ledger Title VI MD FL

Doc. 2 at 1. Notably, in setting forth her claims, Curry fails to allege any facts relating to the named defendants.

The Magistrate Judge recommends denial of Curry's request to proceed *in forma pauperis* and dismissal of her Complaint because her claims appear clearly baseless, delusional, and without an arguable basis either in law or in fact. Furthermore, the Magistrate Judge notes that amendment would prove futile since it does not appear that Curry could state a valid federal claim for relief that is plausible on its face if given an opportunity to amend.

After careful consideration, the Court finds that Curry has failed to state a claim because her Complaint lacks sufficient facts from which a cognizable federal cause of action can be inferred, and her allegations are clearly baseless, delusional, and without arguable basis in either law or fact. In reviewing a complaint, courts hold *pro se* pleadings to a less stringent standard and therefore construe the complaint more liberally. *Tannenbaum v. U.S.*, 148 F.3d 1262, 1263 (11th Cir. 1998) (*per curiam*). Even applying this liberal standard, the factual allegations cannot be construed to state a plausible claim for relief. Moreover, amendment would prove futile since it does not appear that Curry could state a claim for relief that is plausible on its face if granted an opportunity to amend. *See Bryant v. Dupree*, 252 F.3d 1161, 1163 (11th Cir. 2001).

Therefore, because the Court finds that Curry has failed to state a claim, the Court will adopt the Report and Recommendation of the Magistrate Judge in its entirety. Curry's request to proceed *in forma pauperis* is denied and Curry's Complaint will be dismissed.

**IV. CONCLUSION**

For the reasons stated above, it is hereby **ORDERED**:

1. The Report and Recommendation of the Magistrate Judge (Doc. 3) is **adopted, confirmed, and approved**, in all respects, and is made a part of this Order for all purposes, including appellate review.

2. Curry's request to proceed *in forma pauperis* (Doc. 2) is **DENIED.**

3. Curry's Complaint (Doc. 1) is **DISMISSED**.

4. The Clerk is directed to terminate all pending motions and deadlines and **CLOSE** this case.

**DONE AND ORDERED** in Tampa, Florida on June 13, 2015.

*Charlene Edwards Honeywell*
Charlene Edwards Honeywell
United States District Judge

Copies to:
Counsel of Record
Unrepresented Parties, if any
Magistrate Judge Anthony E. Porcelli